16-2831-cv
*Schaeffler, et al. v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of August, two thousand and seventeen.

Present:
>PETER W. HALL,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges*,
>LAURA TAYLOR SWAIN,
>>*District Judge*.*

---

GEORG F.W. SCHAEFFLER, SCHAEFFLER HOLDING GMBH & CO. KG, INA-HOLDING SCHAEFFLER GMBH & CO. KG, AND SCHAEFFLER HOLDING, LP,

>*Petitioners-Appellants*,

>v.                                                                      16-2831-cv

UNITED STATES OF AMERICA,

>*Respondent-Appellee.*

---

* Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellants:    TODD WELTY, (Mark P. Thomas, Laura L. Gavioli, M. Miller Baker, Charles R. Quigg, *on the brief*), McDermott Will & Emery LLP, Dallas, TX, Washington, D.C.

For Appellee:    REBECCA S. TINIO, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appleal from an order of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Georg F.W. Schaeffler, Schaeffler Holding GmbH & Co. KG, INA-Holding Schaeffler GmbH & Co. KG, and Schaeffler Holding, LP (collectively, "Schaeffler") appeal an order of the United States District Court for the Southern District of New York dismissing the case for lack of subject matter jurisdiction. Schaeffler had filed a petition to quash a summons issued by the Internal Revenue Service ("IRS") in aid of an ongoing examination into Schaeffler's domestic income tax liabilities. The IRS withdrew the summons and filed a motion to dismiss, which the district court granted, holding that the case was moot. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

We review "*de novo* the district court's conclusion that [petitioners'] claims are moot." *Cty. of Suffolk v. Sebelius*, 605 F.3d 135, 139 (2d Cir. 2010). Mootness is a constitutional limitation on the power of federal courts. "[A] case is moot when the

2

issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (internal quotations omitted). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Fox v. Bd. of Trustees of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks omitted). Schaeffler appears to concede that, absent an exception to the mootness doctrine, this case became moot when the IRS withdrew its summons.

On appeal, Schaeffler presses only the "voluntary cessation of illegal activity" exception. "[A]s a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot.'" *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."). Such a case does become moot, however, if "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *MHANY Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016).

Here, we conclude that the "voluntary cessation" exception does not apply. Schaeffler does not challenge the lawful authority of the IRS to issue the summons. *See* 26 U.S.C. § 7602. Rather, Schaeffler contends that by summonsing some docu-

3

ments that may or may not be subject to the attorney-client or work-product privileges, the summons became "illegal." We cannot endorse such a tortured understanding of illegality. If the IRS were to exercise its lawful authority and issue a summons in the future, privilege issues could be litigated then. Doing so here, in the absence of a summons, would result in an impermissible advisory opinion.

We also do not believe that the IRS was here engaged in procedural maneuvering aimed at defeating a judicial determination of the privilege status of the documents. The IRS appears to have taken this action in response to Schaeffler's insistence that any stipulation of dismissal include an agreement that *all* of the summonsed documents are privileged. Our earlier opinion in this case does not necessarily support such a proposition, so it was not unreasonable for the IRS to decline to agree. We do not give much credence to Schaeffler's speculation about how events may play out in the future should the IRS seek such documents again. Schaeffler's series of "what ifs" regarding the series of events beginning with the withdrawal of the summons do not lead us to conclude that the IRS acted with any improper motive.

But even if the "voluntary cessation" exception would otherwise apply, the IRS has met its formidable burden in demonstrating mootness. First, the IRS has repeatedly assured us, including through representations made at oral argument, that it will not reissue a summons in this action as to the documents at issue, or any summons, as the case is effectively closed. We take the IRS at its word. Second,

4

the IRS having withdrawn the summons, Schaeffler is not obliged to turn over any documents. All potential effects of the summons have thus been fully eradicated.

We have considered Schaeffler's remaining arguments and find them to be without merit.

Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5